# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL JOHNSON, Individually and on behalf of all others similarly situated | § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| NATION WASTE, INC. | § § | |
| Defendant. | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Paul Johnson ("Plaintiff" or "Johnson") brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Nation Waste, Inc. (hereinafter "Defendant" or "NWI"), at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.  This is a collective action to recover overtime wages, liquidated damages and all other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2.  Plaintiff and the Putative Class Members are those similarly situated persons who worked for NWI at any time from November 20, 2015 through the final disposition of this matter,

and were paid by the hour, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not paid for all hours worked or the proper amount of overtime for all hours worked over forty (40) hours each workweek.

5. The decision by NWI not to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime for all hours worked over forty (40) hours each workweek was neither reasonable nor in good faith.

6. NWI knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime for all hours worked over forty (40) hours each workweek.

7. Specifically, NWI's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked off-the-clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though Plaintiff and the Putative Class Members regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

8. NWI also regularly required (and continues to require) Plaintiff and the Putative Class Members to perform pre and post-trip vehicle inspections "off-the-clock" and without pay.

9. The effect of the NWI's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, NWI has failed to properly calculate and compensate Plaintiff and the Putative Class Members for all of their hours worked and the proper amount of overtime under the FLSA.

10. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were (and continue to be) Waste Disposal Drivers responsible for hauling and disposing of waste in the Greater Houston area.

11. Plaintiff and the Putative Class Members therefore seek to recover all unpaid compensation, overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

12. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

13. Plaintiff Paul Johnson ("Johnson") was employed by NWI during the relevant time period. Plaintiff Johnson did not receive compensation for all hours worked nor did he receive the proper amount of overtime for all hours worked over forty (40) hours each workweek.[1]

14. The Putative Class Members are those current and former Waste Disposal Drivers who were employed by NWI at any time from November 20, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Johnson worked and was paid.

15. Defendant Nation Waste, Inc. ("NWI") is a Texas for-profit company, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **Maria Rios, 12006 Proctor St., Houston, Texas 77038.**

---

[1] The written consent of Paul Johnson is attached hereto as Exhibit "A."

# III.
# JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201, *et. seq.*

17. This Court has personal jurisdiction over NWI because the cause of action arose within this district as a result of NWI's conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, NWI is headquartered in Houston, Texas, which is located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

21. NWI provides roll-off containers (dumpsters) in multiple capacities, as well as portable restrooms, and compactors and balers for virtually any waste, refuse, and recycling requirements for the Greater Houston and Austin area.[2]

22. To provide its services, NWI employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff Johnson and the individuals that make up the putative or potential class.

23. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

24. Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout the Greater Houston and Austin areas.

---

[2] http://nationwaste.us.

25. Plaintiff Johnson has been employed by NWI as a Waste Disposal Driver since approximately June 2018.

26. Plaintiff and the Putative Class Members are non-exempt employees paid by the hour.

27. NWI has a corporate policy and practice of automatically deducting 30-minutes a day for a meal-period break from the "on-the-clock" hours of its Waste Disposal Drivers.

28. NWI was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

29. Plaintiff and the Putative Class Members were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week—which Plaintiff and the Putative Class Members did the majority of their workweeks.

30. Indeed, Plaintiff Johnson was specifically instructed, by his supervisor, to signal on the time clock that he took a 30-minute meal break, even on days in which he worked through or did not take his lunch break.

31. When calculating Plaintiff and the Putative Class Members' hours each pay period, NWI deducted (and continues to deduct) 30-minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

32. In other words, for each 5-day workweek, NWI deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, NWI deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

33. NWI's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

34. In addition, as part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip inspections that they are required to perform at the beginning and end of each work shift.

35. Plaintiff and the Putative Class Members' pre and post-trip inspections are integral and indispensable to their core job duties and therefore compensable under the FLSA.

36. Plaintiff and the Putative Class Members' pre and post-trip inspections are not *de minimis* in nature as each inspection takes approximately fifteen (15) minutes to complete.

37. Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip inspections "off-the-clock" and without pay.

38. NWI knew and at times directed Plaintiff and the Putative Class Members to perform their pre and post-trip inspections "off-the-clock" in violation of the FLSA.

39. Specifically, Plaintiff Johnson was either clocked out by his supervisor or was told to clock out by his supervisor anytime he approached sixty (60) hours worked in any given workweek.

40. NWI did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip inspections "off-the-clock."

41. NWI would (and continues to) clock out Plaintiff and the Putative Class Members at certain times during their respective workweeks in order to avoid paying the proper amount of overtime for all overtime hours worked.

42. Specifically, Plaintiff Johnson would be clocked out by his supervisor while finishing his route anytime he approached sixty (60) hours worked in any given workweek.

43. As a result of NWI's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

44. NWI's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

45. Plaintiff and the Putative Class Members were subjected to (and continue to be subject to) the same or substantially similar policy, practice or scheme that required them to perform their pre and post-trip inspections "off-the-clock," and often required them to complete their routes "off-the-clock" as described above.

46. NWI has employed, and currently employs, other Waste Disposal Drivers throughout the Greater Houston area who performed (and continue to perform) the same or similar job duties under the same pay provisions as Plaintiff Johnson.

47. NWI was aware of its obligation to pay for all hours worked and the proper amount of overtime to Plaintiff and the Putative Class Members but failed to do so.

48. NWI knew Plaintiff and the Putative Class Members were not paid for their daily meal-period breaks—breaks that NWI knew Plaintiff and the Putative Class Members worked through—and NWI did not correct this illegal practice or offer any back pay.

49. NWI knew Plaintiff and the Putative Class Members performed (and continue to perform) work "off-the-clock" for which they are not paid for—and NWI did not correct this illegal practice or offer any back pay.

50. Instead, NWI knowingly, willfully, and with reckless disregard carried out its illegal pattern or practice of failing to pay for all hours worked and the proper amount of overtime compensation for all hours worked over forty each week with respect to Plaintiff and the Putative Class Members.

51. Accordingly, NWI's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR NATION WASTE, INC., AT ANY TIME FROM NOVEMBER 20, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

54. At all times hereinafter mentioned, NWI has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

55. At all times hereinafter mentioned, NWI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56. Specifically, NWI operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

57. During the respective periods of Plaintiff and the Putative Class Members' employment by NWI, these individuals provided services for NWI that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers who assisted NWI's customers in the Greater Houston area. 29 U.S.C. § 203(j).

60. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

61. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of NWI.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

63. NWI violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, NWI knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

65. NWI knew or should have known its pay practices were in violation of the FLSA.

66. NWI is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

67. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted NWI to pay them according to the law.

68. The decision and practice by NWI to not pay Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

69. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  COLLECTIVE ACTION ALLEGATIONS**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of NWI's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

72. Other similarly situated employees of NWI have been victimized by NWI's patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective Members are defined in Paragraph 53.

74. NWI's failure to pay Plaintiff and the Putative Class Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of NWI, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

75. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

76. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

77. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime wages for all hours worked in excess of forty (40) each week.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and NWI will retain the proceeds of its violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

82. Plaintiff respectfully prays for judgment against NWI as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring NWI to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding NWI liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Johnson a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of NWI, at the expense of NWI; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 27, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiff and the Putative Class Members**