UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL JOHNSON,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>NATION WASTE, INC.<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:18-cv-04476<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFFS' OPPOSED MOTION AND BRIEF IN SUPPORT FOR
CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS MEMBERS**

**TO THE HONORABLE KEITH P. ELLISON:**

Plaintiff Paul Johnson, individually and on behalf of all opt-in plaintiffs and others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") file this Opposed Motion and Brief in Support for Conditional Certification and Notice to Putative Class Members ("Motion") pursuant to 29 U.S.C. § 216(b). Plaintiffs seek to conditionally certify a collective action for "all Waste Disposal Drivers who worked for Nation Waste, Inc. at any time from January 18, 2016, through the present." The Putative Class Members are similarly situated in terms of their job titles, duties, and compensation. All of the Putative Class Members have been the victims of a single and widespread corporate policy that uniformly did not compensate them for all hours worked and did not compensate them for overtime for all hours worked over forty (40) hours each workweek.

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii
I. Case Procedural Summary ............................................................................................ 1
II. Issue Presented .............................................................................................................. 1
III. Summary of Argument .................................................................................................. 2
IV. Argument & Authorities ............................................................................................... 3
    A. Legal Standard for Conditional Certification ................................................... 3
    B. The Court Should Follow the Two-Stage Lusardi Approach in Issuing Notice to Putative Class Members ................................................................... 4
    C. Determining Conditional Certification at the 'Notice' or 'First' Stage .......... 5
        1. There is a Reasonable Basis for Crediting Assertions that Aggrieved Individuals Exist and Want to Opt-In to the Lawsuit ................................. 6
        2. Plaintiffs and the Putative Class Members Are 'Similarly Situated' ......... 8
V. Court-Authorized Notice Is Appropriate in this Case ................................................ 10
    A. Plaintiffs' Proposed Notice Is Timely, Accurate, and Informative ............... 10
    B. Plaintiffs' Proposed Notice and Consent Forms Should be Sent Via First Class Mail, E-Mail, and Text Message ........................................................... 10
    C. The Notice and Consent Forms Should Be Posted at Nation Waste's Facilities ................... 12
    D. Production of the Last Four Digits of Social Security Numbers ................. 12
    E. Reminder Notices Should Be Sent to Putative Class Members ................... 13
    F. Courts Routinely Require the Production of Personal Contact Information for the Notice Process ...................................................................................... 13
VI. Conclusion ................................................................................................................... 14
CERTIFICATE OF CONFERENCE ....................................................................................... 16
CERTIFICATE OF SERVICE ................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2000) ...................................................... 4

*Aguirre v. SBC Comm'n, Inc.*, No. H-05-3198, 2006 WL 964554 (S.D. Tex. April 11, 2006) ............... 4, 5

*Barnes v. Gracia Mexican Kitchen, LLC*, No. 2:18-cv-00140, Minute Entry (S.D. Tex. Jan. 10, 2019) .............................................................................................................................................................. 11

*Blake v. Colonia Savings, F.A.*, No. H-04-0944, 2004 WL 1925535 (S.D. Tex. Aug. 16, 2004) ............. 13

*Bunker v. PCP For Life, PA*, No. 4:16-cv-2573, 2017 WL 3187610 (S.D. Tex. Jul. 26, 2017) ................ 1

*Cardenas v. AAA Carting*, No. 7:12-cv-07178-VB-LMS, 2013 WL 4038593 (S.D.N.Y. Aug. 9, 2012) ................................................................................................................................................................ 8

*Craven v. Excel Staffing Servs.*, No. H-12-2860, 2014 WL 345682 (S.D. Tex. Jan. 30, 2014) .................... 2

*Cruz v. ConocoPhillips*, 208 F. Supp. 3d 811 (S.D. Tex. 2016). ................................................................... 4

*D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889 (D. Md. 1995) ........................................................................ 3

*Detho v. Asia Bilal*, No. H-07-2160, 2008 WL 1730542 (S.D. Tex. Apr. 10, 2008) .................................... 4

*Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991) ............................................... 6

*Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528 (S.D. Tex. 2008) ........................................................... 5, 9

*Falcon v. Starbucks Corp.*, Civ. A. No. H-05-0792, ECF No. 52 (S.D. Tex. Nov. 5, 2005) ................. 7, 17

*Fisher v. Michigan Bell Telephone Co.*, No. 09-10802, 2009 WL 3427048 (E.D. Mich. Oct. 22, 2009) ................................................................................................................................................................ 2

*Flores v. Unity Disposal & Recycling, LLC*, No. 8:15-cv-00196-WGC, 2015 WL 1523018 (D. Md. Apr. 2, 2015) .................................................................................................................................. 8

*Flowers v. Mo's Steakhouse*, No. H-11-1235, 2012 WL 1941755 (S.D. Tex. May 29, 2012) ...................... 6

*Galo v. Nation Waste, Inc. et al*, No. 4:08-cv-00307 (S.D. Tex. Jan. 25, 2008) ............................................ 9

*Garcia v. TWC Admin., LLC*, SA:14-cv-985-DAE, 2015 WL 1737932 (W.D. Tex. Apr. 16, 2015) ................................................................................................................................................................ 12

*Grayson v. K-Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996), cert. denied, 117 S. Ct. 435 (1996) ........... 3, 5, 6

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ............................................................................ 2

*Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224 (E.D. La. Aug. 21, 2007) ................................................................................................................................................................ 4

*Kibodeaux v. Wood Grp. Prod. & Consulting Servs, Inc.*, No. 4:16-cv-3277, 2017 WL 1956738 (S.D. Tex. May 11, 2017) ............................................................................................................................. 1

*Macias v. BF Waste Services of Texas, LP.*, No. 2:16-cv-00245-D-BR, (N.D. Tex. May 9, 2017) .............. 7

*McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010) ......................................................... 2, 6

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995) ............................................................... 3, 4, 5, 6

*Nederland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010 (D. Minn. 2007) ........................................ 7, 8

*Nelson v. Am. Standard, Inc.*, No. 2:07-cv-010, 2008 WL 906324 (E.D. Tex. Mar. 31, 2008) ............... 13

*Page v. Cresent Directional Drilling, L.P.,* No. 5:15-cv-193-RP, 2015 WL 12660425 (W.D. Tex. Dec. 10, 2015) .................................................................................................................. 11

*Pedigo v. 3003 South Lamar, LLP*, 666 F. Supp. 2d 693 (W.D. Tex. 2009) ................................... 6

*Rahman v. Fiesta Mart, LLC*, Civ. No. H-15-2295, 2016 WL 2346944 (S.D. Tex. May 4, 2016) ........ 4, 5

*Rodriguez v. Stage 3 Separation, LLC*, 5:17-cv-603-RP (W.D. Tex. Mar. 16, 2015) .................... 11

*Rosas v. Dark Starr*, No. 2:16-cv-00140, ECF No. 19 (S.D. Tex. Jul. 31, 2017) ......................... 9

*Rueda v. Tecon Servs., Inc.*, Civ. A. No. H-10-4937, 2011 WL 2566072 (S.D. Tex. June 28, 2011) ............................................................................................................................................. 6

*Self v. Quinn's Rental Srvs. (USA), LLC*, No. 4:15-cv-01569, Minute Entry (S.D. Tex. Feb. 29, 2016) ......................................................................................................................................... 11

*Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, No. H-05-2064, 2006 WL 1007542 (S.D. Tex. Apr. 17, 2006) .................................................................................................................. 7

*Shaw v. Jaguar Hydrostatic Testing, LLC*, No. 2:15-cv-363, 2017 WL 3866424 (S.D. Tex. Sept. 5, 2017) ........................................................................................................................................... 4

*Taylor v. Republic Services, Inc.*, No. 2:16-cv-00502, Minute Entry (S.D. Tex. Feb. 24, 2017) ......... 7, 9

*Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990 (E.D. Tex. 2011) .......................... 3

*Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831 (D.S.C. 2017) ................................... 7, 13

*Turner v. Nine Energy Srv. LLC*, No. H-15-3670, 2016 WL 6638849 (S.D. Tex. Oct. 4, 2016) ........... 12

*Uribe v. Houston Waste Solutions, LLC*, No. 4:18-cv-00726, Minute Entry (S.D. Tex. Oct. 26, 2018) ........................................................................................................................................... 8

*Vargas v. The Richardson Trident Co.*, Civ. A. No. H-09-1674, 2010 WL 730155 (S.D. Tex. Feb. 22, 2010) ..................................................................................................................................... 4

*Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236 (S.D. Tex. 2017) ....................................... 4

*Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-cv-02329, 2016 WL 4440332, at *1 (S.D. Tex. Aug. 23, 2016) ......................................................................................................................... 7

*Villegas v. Grace Disposal Sys., LLC*, No. CIV.A. H-13-320, 2014 WL 793977 (S.D. Tex. Feb. 27, 2014) ..................................................................................................................................... 7

*Wade v. Furmanite Am., Inc.*, No. 3:17-cv-00169, 2018 WL 2088011 (S.D. Tex. May 4, 2018) ............ 6

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................ 1, 2, 3

29 U.S.C. §§ 201–19 ..................................................................................................................... 3

# I.
# CASE PROCEDURAL SUMMARY

Plaintiffs and the Putative Class Members are current and former Waste Disposal Drivers who worked for Nation Waste, Inc. ("Nation Waste") at any time from January 18, 2016 through the present. Plaintiffs contend that Nation Waste did not pay them for all hours worked and did not pay them overtime pay at the required rate of one and one-half times their regular rate of pay for all hours worked over forty each week. Specifically, Nation Waste paid Plaintiffs and the Putative Class Members either a day rate and no overtime or paid Plaintiffs and the Putative Class Members "straight time"—that is, Nation Waste paid Plaintiffs and the Putative Class Members the same hourly rate for all hours worked. Plaintiff Johnson filed this collective action lawsuit pursuant to 29 U.S.C. § 216(b) on November 27, 2018. *See* ECF No. 1. To date, two additional Nation Waste employees have filed their written consent to become party plaintiffs in this matter.[1]

# II.
# ISSUE PRESENTED

The issue herein is whether the Putative Class Members should be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation. The merits of Plaintiffs' claims or Defendant's common defenses are not before the Court and nor are they an appropriate inquiry for purposes of conditional certification. *See Bunker v. PCP For Life, PA*, No. 4:16-cv-2573, 2017 WL 3187610, at *1 (S.D. Tex. Jul. 26, 2017) (recognizing that because discovery has not occurred, "courts traditionally do not review the underlying merits of the action"); *Kibodeaux v. Wood Grp. Prod. & Consulting Servs, Inc.*, No. 4:16-cv-3277, 2017 WL 1956738, at *3 (S.D. Tex. May 11, 2017) (finding that "the need to adjudicate the misclassification issue does not preclude

---

[1] Donald Hanes filed his written consent to join this lawsuit on December 14, 2018 (ECF No. 7) but has decided to withdraw from this lawsuit at this time (ECF No. 14).

conditional certification"); *Craven v. Excel Staffing Servs.*, No. H-12-2860, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) (recognizing that "courts do not review the underlying merits of the action in deciding whether to conditionally certify the class"); *see also McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010). Notice at this stage is critical so that these workers can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation.[2]

### III.
### SUMMARY OF ARGUMENT

Plaintiffs seek conditional certification of a class defined as "all Waste Disposal Drivers who worked for Nation Waste, Inc. at any time from January 18, 2019 through the present." In support of their Motion for Conditional Certification, Plaintiffs have presented substantial evidence that they are similarly situated in the form of declarations and another similar lawsuit against Nation Waste. Plaintiffs' consistent testimony shows that Plaintiffs and the Putative Class Members had thirty (30) minutes automatically deducted from their pay, every day, for lunch breaks they either did not take or that they worked through while eating. Further, Plaintiffs' consistent testimony confirms that Plaintiffs and the Putative Class Members were not paid overtime at a rate of time and one-half for hours worked in excess of forty (40) hours in a workweek. This evidence easily surpasses Plaintiffs' lenient burden at this conditional certification stage and establishes that Nation Waste did not

---

[2] Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the potential class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

compensate Plaintiffs and Putative Class Members for all hours worked nor did they pay overtime for all hours worked in excess of forty (40) hours in a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## IV.
## ARGUMENT & AUTHORITIES

**A.　LEGAL STANDARD FOR CONDITIONAL CERTIFICATION**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify putative class members that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170–72.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995). Indeed, plaintiffs' claims need not be identical to the potential opt-ins, they need only be similar. *Grayson*, 79 F.3d at 1096 (emphasis added); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995–96 (E.D. Tex. 2011) ("The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated under § 216(b)."). Indeed, plaintiffs need only to demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may

exist. *Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017); *Cruz v. ConocoPhillips*, 208 F. Supp. 3d 811, 816 (S.D. Tex. 2016).

### B. THE COURT SHOULD FOLLOW THE TWO-STAGE *LUSARDI* APPROACH IN ISSUING NOTICE TO PUTATIVE CLASS MEMBERS

Courts throughout the Fifth Circuit, including this one, uniformly apply a two-step approach to determine whether plaintiffs are "similarly situated" to the potential plaintiffs. *See Mooney*, 54 F.3d at 1213–16; *Walker*, 870 F. Supp. 2d at 465; *Aguirre v. SBC Comm'n, Inc.*, No. H-05-3198, 2006 WL 964554, at *4–5 (S.D. Tex. April 11, 2006); *Detho v. Asia Bilal*, No. H-07-2160, 2008 WL 1730542, at *2 (S.D. Tex. Apr. 10, 2008); *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA."). Under this well-established and widely accepted *Lusardi* approach, the Court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2000) (citing *Mooney*, 54 F.3d at 1213–14; *see also Walker*, 870 F. Supp. 2d at 465.

The *Lusardi* approach proceeds in two stages—the "notice" stage and the "decertification" stage. *Rahman v. Fiesta Mart, LLC*, Civ. No. H-15-2295, 2016 WL 2346944, at *2 (S.D. Tex. May 4, 2016). The first stage requires a plaintiff to show that the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. *See Walker*, 870 F. Supp. 2d at 465 (citing *Aguirre*, 2006 WL 964554, at *4–5). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Rahman*, 2016 WL 2346944, at *2; *Shaw v. Jaguar Hydrostatic Testing, LLC*, No. 2:15-cv-363, 2017 WL 3866424, at *4 (S.D. Tex. Sept. 5, 2017); *Vargas v. The Richardson Trident Co.*, Civ. A. No. H-09-1674, 2010 WL 730155, at *7 (S.D. Tex. Feb. 22, 2010). Application of this lenient standard typically results in conditional certification. *See Rahman*, 2016 WL 2346944, at *2 (citing

*Walker*, 870 F. Supp. 2d at 465 (noting that collective actions are generally favored under the FLSA)).

It is at the decertification stage, typically after discovery is largely complete, that the court reviews the information obtained and makes a factual determination regarding "whether the members of the conditionally-certified class are *truly* similarly situated." *Rahamn*, 2016 WL 2346944, at *3 (citing *Mooney*, 54 F.3d at 1214) (emphasis added). At the decertification stage, Plaintiffs must show that there are "'meaningful identifiable facts or legal nexus that bind the claims' so that hearing the cases together furthers the purposes of section 216, is fair to both parties and does not result in an unmanageable trial." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008) (addressing the "similarly situated" analysis at the decertification stage) (internal quotations and citations omitted).

### C. DETERMINING CONDITIONAL CERTIFICATION AT THE "NOTICE" OR "FIRST" STAGE

"Specifically, '[t]he first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in *relevant respects* given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465–66 (emphasis added) (citing *Aguirre*, 2006 WL 964554, at *6). If the court conditionally certifies the class and issues notice, the case proceeds as a collective action during the discovery period. *See id.* at 465. At the first stage of the *Lusardi* approach, an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213–14; *Grayson*, 79 F.3d at 1096.

It is important to note that a plaintiff's claims and positions need not be identical to the potential opt-in plaintiffs' claims: **only similar**. *See Falcon*, 580 F. Supp. 2d at 534 (noting that "similarly situated" is required for conditional certification, "identically" situated is not); *see also*

*Grayson*, 79 F.3d at 1096. Instead, the relevant inquiry is whether the Plaintiffs have sufficiently shown that other current and former employees "were together the victims of a single decision, policy or plan." *Wade v. Furmanite Am., Inc.*, No. 3:17-cv-00169, 2018 WL 2088011, at *3 (S.D. Tex. May 4, 2018). "Courts usually base this decision upon 'the pleadings and any affidavits that have been submitted." *Id.* at *2 (citing *Mooney*, 54 F.3d at 1213–14). Additionally, "[i]f there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, [company-wide] certification is appropriate." *Rueda v. Tecon Servs., Inc.*, Civ. A. No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011).

In addition to these factors, this Court considers whether other individuals desire to opt-in and are similarly situated to those bringing the suit. *See Walker*, 870 F. Supp. 2d at 465–66; *see also, e.g., Flowers v. Mo's Steakhouse*, No. H-11-1235, 2012 WL 1941755, at *2 (S.D. Tex. May 29, 2012); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991); *Pedigo v. 3003 South Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) ("[t]he joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist). This factor is met when the plaintiff can establish that putative class members have affirmatively opted-in to the litigation. *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010) (finding that the plaintiffs had met their burden because six additional plaintiffs had opted-in to the lawsuit).

    1.    **There Is A Reasonable Basis for Crediting Assertions that Aggrieved Individuals Exist, and Want to Opt-In to the Lawsuit**

Plaintiffs address the first and third factors together as they are both satisfied, in this case, by the same evidentiary proof. While recognizing that the first and third factors involve different legal questions, Plaintiffs assert that the number of opt-in plaintiffs to date both credits Plaintiffs' assertions that aggrieved individuals exist, and that those individuals *want* to opt-in to the lawsuit. To date, two additional former Nation Waste employees have filed their written consent to opt-in to this litigation and Plaintiffs' declarations exhibit that others who learn of this action would be

interested in joining this case. *See* Ex. 1 ¶ 13; and Ex. 2 ¶ 12. This Court is well within its authority to issue notice based on this fact alone. *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, No. H-05-2064, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006).

Moreover, the fact that Nation Waste automatically deducted 30 minutes per day from all of its non-exempt Waste Disposal Drivers regardless of whether they actually took a lunch break, where they worked, how long they worked, or any other individualized factors demonstrates that all Waste Disposal Drivers are similarly situated for purposes of conditional certification. *See Taylor v. Republic Services, Inc.*, No. 2:16-cv-00502, Minute Entry (S.D. Tex. Feb. 24, 2017) (Ramos, J.) (certifying a nation-wide class of more than 20,000 waste disposal drivers who alleged that they worked through their automatically-deducted meal-period breaks); *Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-cv-02329, 2016 WL 4440332, at *1 (S.D. Tex. Aug. 23, 2016) (Harmon, J.) (certifying a class of waste disposal drivers and helpers who alleged that they were underpaid for their overtime hours); *Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 840 (D.S.C. 2017) (Norton, J.) (certifying class of waste disposal drivers who alleged that they worked through their automatically-deducted meal-period breaks); *Macias v. BF Waste Services of Texas, LP*, No. 2:16-cv-00245-J, 2017 WL 1929496, (N.D. Tex. May 9, 2017) (Robinson, J.) (certifying class of waste disposal drivers who alleged that they worked through their automatically-deducted meal-period breaks); *Villegas v. Grace Disposal Sys., LLC*, No. CIV.A. H-13-320, 2014 WL 793977, at *6 (S.D. Tex. Feb. 27, 2014) (Miller J.) (conditionally certifying a class of similarly situated waste disposal drivers); *Falcon v. Starbucks Corp.*, Civ. A. No. H-05-0792 (ECF No. 52) (S.D. Tex. Nov. 29, 2005) (Ellison, J.) (certifying a nation-wide collective, encompassing 6,500 stores) (attached at App. 3); *Nederland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1023–24 (D. Minn. 2007) (holding company's "all or nothing" approach to exemption analysis of store managers counseled in favor of finding plaintiffs were similarly situated).

Nation Waste also did not pay overtime at a rate of time and one-half for all hours worked in excess of forty (40) hours in a workweek. *See* Declaration of Paul Johnson ¶ 4 (attached at App. 1) and Declaration of Christopher Jenkins ¶ 3 (attached at App. 2). Though the pay practice may have differed, the policy and effect were the same—that is, Plaintiffs and the Putative Class Members were denied overtime for all hours worked over forty each week. *Uribe v. Houston Waste Solutions, LLC*, No. 4:18-cv-00726, Minute Entry (S.D. Tex. Oct. 26, 2018) (Bennett, J.) (conditionally certifying a class of similarly situated waste disposal drivers who were not paid overtime for all hours worked over forty each week); *Flores v. Unity Disposal & Recycling, LLC*, No. 8:15-cv-00196-WGC, 2015 WL 1523018, at *3–4 (D. Md. Apr. 2, 2015) (Connelly, J.) (conditionally certifying a class of similarly situated sanitation workers who were victimized by defendant's company-wide policy whereby they were paid a flat day rate without proper overtime compensation); *Cardenas v. AAA Carting*, No. 7:12-cv-07178-VB-LMS, 2013 WL 4038593, at *1–2 (S.D.N.Y. Aug. 9, 2012) (Smith, J.) (conditionally certifying a class of similarly situated carting and/or sanitation workers where plaintiffs sufficiently alleged a company-wide policy of, *inter alia*, requiring employees to work more than forty hours per week without proper overtime compensation). The fact that Nation Waste did not pay its non-exempt Waste Disposal Drivers—Plaintiffs and the Putative Class Members—**ANY** overtime regardless of where they worked, how long they worked, or any other individualized factors demonstrates that all of Nation Waste's Waste Disposal Drivers are similarly situated for purposes of conditional certification. *Nederland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1023–24 (D. Minn. 2007) (holding company's "all or nothing" approach to exemption analysis of store manages counseled in favor of finding plaintiffs were similarly situated).

    **2.    Plaintiffs and the Putative Class Members are "Similarly Situated"**

Plaintiffs and the Putative Class Members are similarly situated and this Court should order company-wide notice based on the substantial allegations contained in the form of the pleadings,

declarations and the existence of a previous FLSA lawsuit against Nation Waste with the same or similar allegations.[3] Plaintiffs and the Putative Class Members have alleged that Nation Waste failed to compensate them for all hours worked and failed to pay overtime compensation for all hours worked over forty each week. Indeed, Plaintiffs and the Putative Class Members have presented evidence of a meaningful nexus that binds together the claims of Plaintiffs and Putative Class members by showing they were together the victims of a single decision, policy, or plan. *See Falcon*, 580 F. Supp. 2d at 539–40; *see also Rosas v. Dark Star*, No. 2:16-cv-00140, ECF No. 19 (S.D. Tex. Jul. 31, 2017) (attached at App. 4); *Taylor*, No. 2:16-cv-00502, Min. Entry (S.D. Tex. Feb. 24, 2017) (Ramos, J.). The evidence is clear that Plaintiffs and Putative Class Members all performed the same type of work, all worked similar hours, were not paid overtime compensation, and were subject to the same automatic daily meal-period deductions.

Nation Waste provides roll-off containers (dumpsters) in multiple capacities, portable restrooms, as well as compactors and balers for virtually any waste, refuse, and recycling requirements for the Greater Houston and Austin areas. Plaintiffs and the Putative Class Members all perform the same or similar duties—that is, driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfills or disposal sites throughout the Greater Houston and Austin areas. *See* Ex. 1 ¶ 6; and Ex. 2 ¶ 5. Plaintiffs and the Putative Class Members all worked overtime. Ex. 1 ¶¶ 7–8; and Ex. 2 ¶¶ 6–7. Plaintiffs and the Putative Class Members all had thirty (30) minutes of pay automatically deducted from their hours worked each day for a meal break they either worked through or did not take at all. *See* Ex. 1 ¶¶ 9–10; Ex. 2 ¶¶ 8–9. Nation Waste was aware its Waste Disposal Drivers did not take a full uninterrupted thirty (30) minute meal break but made the deduction regardless. *See* Ex. 1 ¶¶ 11–12; and Ex. 2 ¶¶ 10–11. And finally, Nation Waste did not pay the proper overtime rate of one and one-half the regular rate for all hours worked in

---

[3] *See Galo v. Nation Waste, Inc. et al.*, No. 4:08-cv-00307 (S.D. Tex. 2008) (Lake, J.).

excess of forty (40) in a workweek. *See* Ex. 1 ¶ 4; and Ex. 2 ¶ 3. While some Waste Disposal Drivers were paid a day rate and no overtime and others were paid straight time and no overtime, the effect of Nation Waste's pay policies were the same. That is, Plaintiffs and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours in a workweek.

## V.
## COURT-AUTHORIZED NOTICE IS APPROPRIATE IN THIS CASE

The Court should authorize notice to be sent to all Waste Disposal Drivers who worked for Nation Waste, Inc. at any time from January 18, 2016 through the present. A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc.*, 493 U.S. at 170. Court-authorized notice prevents "misleading communications" and assures the dissemination of accurate information. *Id.* at 172.

### A. PLAINTIFFS' PROPOSED NOTICE IS TIMELY, ACCURATE AND INFORMATIVE

Plaintiffs request that the Court approve the proposed Notice and Consent form attached at Appendix 5. Plaintiffs' proposed Court-approved notice to the Putative Class Members is "timely, accurate, and informative," as required. *Hoffmann-La Roche*, 493 U.S. at 172. It informs the Putative Class Members of their rights to opt-in to this litigation in a neutral manner, provides that this Court has yet to decide the merits of the dispute, and provides that Nation cannot retaliate against them for asserting their rights.

### B. PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORMS SHOULD BE SENT VIA FIRST CLASS MAIL, E-MAIL, AND TEXT MESSAGE

Plaintiffs propose that the Notice and Consent forms be mailed via First Class Mail, e-mail, and text message to all Waste Disposal Drivers who worked for Nation Waste, Inc. at any time from January 18, 2016 through the present. E-mail notice is a common form of notification in FLSA cases and is routinely granted by courts in the Fifth Circuit and across the United States. As the

Honorable Judge Robert Pitman recognized in *Page v. Crescent Directional Drilling, L.P.* "[e]mail is not the wave of the future; [it] is the wave of the last decade and a half[.]" No. 5:15-cv-193-RP, 2015 WL 12660425, at *3 (W.D. Tex. Dec. 10, 2015) (citing *Rodriguez v. Stage 3 Separation, LLC*, 5:17-cv-603-RP, at 2 n.1 (W.D. Tex. Mar. 16, 2015)). Sending notice by email effectuates the broad remedial purpose of the FLSA by facilitating notice to members of the putative class. *Jones v. Cretic Energy Srvs., LLC*, 149 F. Supp. 3d 761, 776 (S.D. Tex. 2015).

Indeed, even email may be going the way of first-class mail. Many email services now include SPAM filters that automatically discard emails sent by users who have not contacted the targeted email address before. However, the prevalence of cell-phones and text messaging today raises an even better avenue to alert Putative Class Members of their right to join a collective action to recover unpaid wages (and other damages) under the FLSA. Text Message notification has previously been granted in this District and is likely to be granted more in the future as it currently offers the best possible way to alert Putative Class Members of their rights. *See Barnes v. Gracia Mexican Kitchen, LLC*, No. 2:18-cv-00140, Minute Entry (S.D. Tex. Jan. 10, 2019) (Libby, J.) (approving text message notice to putative class members in an FLSA collective action and recognizing that it is the best way to reach someone); *see also Self v. Quinn's Rental Srvs. (USA), LLC*, No. 4:15-cv-01569, Minute Entry (S.D. Tex. Feb. 29, 2016) (Rosenthal, J.) (granting text message notice to the putative class members in an FLSA collective action).

Plaintiffs' counsel will oversee the dissemination of such notices and pay the up-front charges. Plaintiffs' counsel also requests that it be permitted to employ a third-party claims administration company to assist in the notice process if deemed necessary and appropriate. All Putative Class Members interested in joining this lawsuit would be required to return their respective consent form to Plaintiffs' counsel for filing with this Court within sixty (60) days of the mailing of the Notice and Consent forms.

Plaintiffs request that Putative Class Members be given the option to execute their consent forms online through an electronic signature service. This service allows Putative Class Members to sign their consent forms electronically by clicking on a link in an encrypted email or encrypted text message link[4] designated only for that user, which in turn allows them to review the document, indicate they read and understood the consent form, and type additional information. Users are instantaneously provided with a PDF copy of the form, and a copy is accessible to Plaintiffs' counsel who will, in turn, file the same with the Court. Importantly, this would merely be an additional option for signing the consent form.

### C. THE NOTICE AND CONSENT FORMS SHOULD BE POSTED AT NATION WASTE'S FACILITIES

Plaintiffs also propose that the Notice and Consent forms be posted in plain view at each of Nation Waste's facilities. Courts in this District and throughout the Fifth Circuit have found that posting the court-approved notice at a defendant's job sites to be a proper (and effective) means of disseminating notice of FLSA collective actions. *See Turner v. Nine Energy Srvs. LLC*, No. H-15-3670, 2016 WL 6638849, at * 9 (S.D. Tex. Oct. 4, 2016) ("Posting in a workplace is often used to inform employees of their rights in labor disputes and has been approved as an appropriate form of notice in FLSA cases"); *Garcia v. TWC Admin., LLC*, SA:14-cv-985-DAE, 2015 WL 1737932, at *5 (W.D. Tex. Apr. 16, 2015).

### D. PRODUCTION OF THE LAST FOUR DIGITS OF SOCIAL SECURITY NUMBERS

Plaintiffs also propose that Nation Waste provide Plaintiffs' counsel the last four digits of the social security number of any Putative Class Member for whom the mailed notice is returned as undeliverable by the United States Postal Service. The last four digits are needed to obtain current contact information for the Putative Class Members and are routinely produced by an employer for

---

[4] Plaintiffs' text message link will provide the Putative Class Members access to the exact same e-sign Notice and Consent form that the email notice will provide.

purposes of the notice process. *See Blake v. Colonia Savings, F.A.*, No. H-04-0944, 2004 WL 1925535, at *2 (S.D. Tex. Aug. 16, 2004); *see also Nelson v. Am. Standard, Inc.*, No. 2:07-cv-010, 2008 WL 906324, at *4 (E.D. Tex. Mar. 31, 2008).

### E. REMINDER NOTICES SHOULD BE SENT TO PUTATIVE CLASS MEMBERS

In addition to the initial notice by regular mail and e-mail, Plaintiffs request permission to send a follow-up reminder notice via regular mail and e-mail thirty (30) days after the initial notice is sent to those who have not opted into the case. Sending a reminder notice with a consent form helps to further the FLSA's broad remedial purposes by ensuring that all persons who are interested in joining the collective action do so within the prescribed time-period. Courts routinely approve the sending of follow-up notice to facilitate the broad remedial purpose of the FLSA. *See Jones*, 149 F. Supp. 3d at 776–77.

### F. COURTS ROUTINELY REQUIRE THE PRODUCTION OF PERSONAL CONTACT INFORMATION FOR THE NOTICE PROCESS

Plaintiffs also request that the Court order Nation Waste to provide the names, last known mailing addresses, all known e-mail addresses, phone numbers, dates of birth, driver's license numbers, and dates of employment for all Putative Class Members. Production of a mailing list and complete contact information for the Putative Class Members is a necessary (and routine) component of the notice process in collective actions. *See Turner,* 2016 WL 6638849, at *11 (ordering defendants to provide "all names, addresses, phone numbers, email addresses, and dates of employment for the putative class members"); *Nelson*, 2008 WL 906324, at *4 (ordering defendant to provide to plaintiffs the names, home addresses, home telephone numbers, social security numbers and dates of birth of the putative class members). Indeed, district courts have routinely ordered the production of names and addresses of potential collective action members to plaintiffs' counsel. Nation Waste should therefore be ordered to produce this information to Plaintiffs' counsel in a timely and efficient manner.

All of the requested information is necessary to allow Plaintiffs' counsel (or a third-party administrator) sufficient information to confirm current addresses and/or locate those Putative Class Members who may have moved. Moreover, the production of all known e-mail addresses is particularly important because (as noted above) such contact information typically does not change when a person moves, and e-mail notice is an efficient and convenient form of communication.

## VI.
## CONCLUSION

Based on the detailed pleadings, briefing, and declarations Plaintiffs have affirmatively demonstrated that the Putative Class Members are similarly situated and Court-approved notice should be sent to all Waste Disposal Drivers who worked for Nation Waste, Inc. at any time from January 18, 2016 through the present. In order to facilitate the purposes of the FLSA's collective action provisions, Plaintiffs respectfully request that the Court grant this Motion and provide the following relief to Plaintiffs:

(1) Conditionally certify this case as a collective action for purposes of notice and discovery;

(2) Order Nation to produce to Plaintiffs' counsel within fourteen (14) days of the granting of this Motion, in a computer-readable format, the contact information (including the names, addresses, telephone numbers, e-mail addresses, employee identification numbers, dates of birth, dates of employment with corresponding locations of employment, and last four digits of social security numbers) for each Putative Class Member;

(3) Approve the form and content of Plaintiffs' proposed judicial notice and reminder notice;

(4) Order that judicially-approved notice be sent to all Putative Class Members via First Class Mail, e-mail, text-message and allow the hiring of a third-party claims administration company, for use at Plaintiffs' discretion;

(5) Authorize the Putative Class Members to execute their consent forms electronically;

(6) Authorize a 60-day notice period for the Putative Class Members to join the case; and

(7) For any such other relief as this Court deems just and proper.

Date:   January 18, 2019                    Respectfully submitted,

                                              **ANDERSON ALEXANDER, PLLC**

                        By:     /s/ *Clif Alexander*
                                        **Clif Alexander**
                                        Federal I.D. No. 1138436
                                        Texas Bar No. 24064805
                                        clif@a2xlaw.com
                                        **Austin W. Anderson**
                                        Federal I.D. No. 777114
                                        Texas Bar No. 24045189
                                        austin@a2xlaw.com
                                        **Lauren E. Braddy**
                                        Federal I.D. No. 1122168
                                        Texas Bar No. 24071993
                                        lauren@a2xlaw.com
                                        **Alan Clifton Gordon**
                                        Federal I.D. No. 19259
                                        Texas Bar No. 00793838
                                        cgordon@a2xlaw.com
                                        **Carter T. Hastings**
                                        Federal I.D. No. 3101064
                                        Texas Bar No. 24101879
                                        carter@a2xlaw.com
                                        **George Schimmel**
                                        Federal I.D. No. 2338068
                                        Texas Bar No. 24033039
                                        geordie@a2xlaw.com
                                        819 N. Upper Broadway
                                        Corpus Christi, Texas 78401
                                        Telephone: (361) 452-1279
                                        Facsimile: (361) 452-1284

                                        ***Attorneys for Plaintiffs and Putative Class Members***

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant and they are opposed to the relief requested in this Motion.

/s/ *Clif Alexander*
Clif Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander